UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>M. COUNTY, Case Manager USP Tucson Arizona, individual capacity; MR. SHIED, Lieutanant at USP Tucson AZ, individual capacity; USP TUCSON FEDERAL AGENCY, USDOJ at Tucson Arizona, individual capacity; and DR. LICATA, Psychologist at USP Tucson AZ, individual capacity,<br><br>Defendants. | 4:25-CV-04222-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>MR. SHIED, FBOP, Lieutenant at USP Tucson, AZ, individual capacity; FEDERAL OFFICERS, March 9, 2018, at USP Tucson AZ; DR. LICATA, FBOP Doctors at USP Tucson AZ; and M. COUNTY, USDOJ, Case Manager at Tucson AZ, individual capacity,<br><br>Defendants.[1] | 4:25-CV-04224-RAL |

---

[1] The list of defendants in both complaints is based on this Court's interpretation of Wolf Guts's handwriting, which is challenging to read. As such, the Court notes that the spelling of the defendants' names may be incorrect, and the defendants may not be properly identified.

Plaintiff Richard Wolf Guts, who has a long history of court proceedings in this district, has filed two new pro se cases addressing events during his incarceration in Tucson, Arizona. Wolf Guts v. County, 4:25-CV-04222-RAL, Doc. 1 (Nov. 13, 2025); Wolf Guts v. Shied, 4:25-CV-04224-RAL, Doc. 1 (Nov. 14, 2025).[2] This Court grants Wolf Guts's motions for leave to proceed in forma pauperis, CV-4222, Doc. 4; CV-4224, Doc. 4, but screens Wolf Guts's cases for dismissal.

## I.   Motions for Leave to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act, a prisoner[3] who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).  The Court, may, however, accept partial payment of the initial filing fee where appropriate.  Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original)

---

[2] This Court will refer to each of these cases by the last four digits of their civil case filing number, followed by the corresponding docket number.

[3] Under 28 U.S.C. § 1915(h), a prisoner means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]"  Wolf Guts filed his complaint from Dismas Charities, a halfway house in Sioux Falls, South Dakota.  CV-4222, Doc. 1 at 1, 8; CV-4224, Doc. 1 at 1, 8.  Wolf Guts states that he is residing at a "halfway house called Dismas Charities Inc, RRC in SiouxFalls [sic] SouthDakota [sic] [he is] not in custody of the FBOP system [and is] only serving USPO status a[t] this RRC[.]" CV-4224, Doc. 6 at 1 (capitalization in original omitted); see also id. at Doc. 7 at 1 (stating that Wolf Guts is on supervised release).  An "RRC" is a Residential Reentry Center, commonly referred to as a halfway house, and contracts with the BOP to transition inmates back into society. See About Our Facilities, Fed. Bureau of Prisons, https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last visited June 23, 2026).  An inmate released to a halfway house as a condition of mandatory supervision qualifies as a prisoner for 28 U.S.C. § 1915(h).  See Jackson v. Johnson, 475 F.3d 261, 267 (5th Cir. 2007) ("Even if [plaintiff's] time at the halfway house is for primarily non-punitive purposes, he is nonetheless a 'prisoner' within § 1915(h)'s definition because his confinement is as a result of his criminal violation.").  Thus, Wolf Guts is classified as a prisoner under the PLRA.

(quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)    the average monthly deposits to the prisoner's account; or

(B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Because Wolf Guts did not provide this Court with any financial information that would allow it to evaluate his motion for leave to proceed in forma pauperis, the Court directed Wolf Guts to submit a certified prisoner trust account report if he was still in custody, and alternatively, if he was no longer in custody, to file an AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs in lieu of a prisoner trust account report. CV-4222, Doc. 3; CV-4224, Doc. 3. Wolf Guts subsequently filed incomplete prisoner trust account reports, stating that he was not able to provide the Court with the required information because he had been released from prison, CV-4222, Docs. 5, 7; CV-4224, Doc. 5, as well as financial affidavits, CV-4222, Doc. 8; CV-4224, Doc. 4. After reviewing Wolf Guts's financial affadavits, the Court finds that he has insufficient funds to pay the filing fee. Thus, the Court grants Wolf Guts's motions for leave to proceed in forma pauperis, CV-4222, Doc. 4; CV-4224, Doc. 4, and waives his initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Wolf Guts filed a second motion for leave to proceed in forma pauperis in CV-4222, Doc. 8, which this Court denies as moot.

In order to pay his filing fee, Wolf Guts must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The

statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Wolf Guts's institution.[4] Wolf Guts remains responsible for the entire filing fee as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997). Because the PLRA requires a prisoner to pay the full amount of a filing fee for each civil action they file, 28 U.S.C. § 1915(b)(1), Wolf Guts is responsible for the $350 filing fee in each of the two cases he has filed with this Court: CV-4222 and CV-4224.

## II.    Background

In April 2017, Richard Wolf Guts was indicted[5] in 17-CR-30059-RAL for Assaulting, Resisting, Opposing, and Impeding a Federal Officer in violation of 18 U.S.C. § 111(a). 17-CR-30059, Doc. 1 (D.S.D.). The charges resulted from an incident that occurred while Wolf Guts was detained in the Rosebud Sioux Tribe Adult Correctional Facility. CR-30059, Doc. 36 at 4. After

---

[4] "Courts have required agencies—including halfway houses—housing plaintiffs proceeding in forma pauperis to collect installments of initial filing fees when resident plaintiffs were classified as prisoners under the PLRA." Bear v. Corr. Med. Mgmt., LLC, 4:23-CV-04127-KES, 2023 WL 9051243, at *2 n.2 (D.S.D. Dec. 29, 2023) (collecting cases).

[5] Wolf Guts has several other criminal convictions for felony sexual abuse of a minor, assaulting, resisting, opposing and impeding a federal officer, threatening a law enforcement officer, failure to register, (felony) simple assault of a law enforcement officer, intentional damage to property, impersonating to deceive a law enforcement officer. CR-30059, Doc. 36

spilling water in his cell and disobeying instructions from corrections personnel, he was placed in a restraining chair. Id. He spit, bit and kicked correctional staff in the process.[6] Id.

Wolf Guts was federally arrested on or about April 19, 2017.[7] He pleaded guilty and was sentenced on September 12, 2017, to 27 months in custody followed by two years of supervised release. CR-30059, Doc. 42. Beginning in 2021, Wolf Guts filed several handwritten letters and other materials seeking relief that are difficult to decipher and understand, prompting the Clerk of Court to open a series of civil cases in the District of South Dakota. See 21-CV-3026; 21-CV-4213; 21-CV-4214; 21-CV-4215; 21-CV-3028; 22-CV-5009. This Court entered on March 29, 2022, an Order on Certain Motions and for Response Regarding Wolf Guts's Civil Commitment and Section 2255 Claims, which was filed in each case. Wolf Guts was given 28 days from that order to pay filing fees and the United States was given 28 days to file a response under seal explaining why Wolf Guts remains in federal custody. On May 2, 2022, Wolf Guts paid filing fees in 4:21-CV-04213 ($292); 4:21-CV-04214 ($5); and 4:21-CV-04215 ($5). No filing fee is required for the § 2255 case of 3:21-CV-03026. No filing fee was received for the § 2254 case of 3:21-CV-03028, or in 5:22-CV-05009. The United States filed material under seal regarding a civil commitment of Wolf Guts under an order from the United States District Court for the Western District of Missouri; U.S. v. Wolf Guts, No. 6-19-CV-03168-MDH. Prior to transfer to Bureau of Prisons' Federal Medical Facility in Springfield, Missouri, Wolf Guts had been incarcerated in Arizona and was indicted for three separate offenses of assaulting law enforcement

---

[6] During the pretrial proceedings, Wolf Guts continued to exhibit disconcerting and erratic behavior. He was combative and spit on staff, refused to take prescribed medication, broke several sprinklers in his cell resulting in flooding, was restrained and threatened suicide. CR-30059, Doc. 36 at 3–4.

[7] Wolf Guts remained in custody throughout the proceedings.

5

federal officers in the District of Arizona. U.S. v. Wolf Guts, 4:19-CR-00842-JCH-DTF (D. Ariz.).

In his criminal case, United States of America v. Wolf Guts, CR-30059, Wolf Guts moved the Court in September 2021 for relief claiming he was injured by correctional staff. CR-30059, Docs. 50, 51 (D.S.D.). He claimed to have knowledge of a conspiracy to distribute controlled substances run by Rosebud Sioux Tribe law enforcement. Id. He also claimed that federal correctional officers in Tucson, Arizona, were bringing heroin into the facility. Id. at Doc. 50. He referenced a March 9, 2018, incident where his nose was fractured and his stomach cut twice with a knife. Id. at Doc. 51, 52. He wrote about being a member of the Mexican mafia. Id. at Doc. 50, 52. He admitted to using alcohol while in custody but claimed to have found faith in Jimmy Swagger Ministries such that he wants to preach to Native people. Id. at Doc. 51. He requested damages in the amount of $350,000,000. Id. at Doc. 50. None of these claims justified relief from his conviction and sentence in CR-30059.

On December 23, 2021, in Wolf Guts v. United States of America, 21-CV-3026, Wolf Guts filed a § 2255 motion to vacate, set aside or correct sentence and moved to proceed in forma pauperis. CV-3026, Docs. 1, 2 (D.S.D.). He claimed that he did not have a proper hearing for civil commitment and is being falsely imprisoned. Id. at Docs. 1, 6. He believed himself falsely accused of assault. Id. at Doc. 1. He referenced a March 9, 2018, incident where he was headbutted by case manager Mr. Shied in Tucson, Arizona and claimed his nose was fractured. Id. at Docs. 1, 6. He alleged a Richard Krueger cut him on the stomach. Id. at Doc. 6. He wrote that he has been deemed mentally ill because he divulged information about federal prisons staff selling drugs in correctional facilities. Id. He requested damages in the amount of $350,000,000 and to proceed in forma pauperis. Id. at Docs. 1, 2.

6

On December 6, 2021, Wolf Guts filed on a Civil Rights Complaint form Wolf Guts v. Kruegger et al,[8] 21-CV-4213. Doc. 1 (D.S.D.). He did not specify the source of federal jurisdiction (28 U.S.C. § 1343 (a)(3); 42 U.S.C. § 1983; 28 U.S.C. § 1331; Bivens) under which he claimed relief. Id. He alleged he was assaulted by federal correctional staff and had his nose fractured. Id. He claimed an officer named Mr. Shied cut him with a knife. Id. He claimed the correctional staff at the Springfield Medical Center failed to bring him legal material to continue his appeals. Id. He requested damages in the amount of $350,000,000 and $21,000,000. Id.

Also, on December 6, 2021, in Wolf Guts v. Attorney General, 21-CV-4214, Wolf Guts filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2255 and moved to proceed without paying fees. CV-4214, Doc. 1, 2 (D.S.D.). He claimed he was being committed against his will for testifying about correctional staff distributing drugs in prison facilities. Id. at Docs. 1, 6. He mentioned his nose being fractured. Id. He claimed he was being falsely imprisoned. Id.

On December 7, 2021, in Wolf Guts v. Kruegger, 21-CV-4215, Wolf Guts filed a habeas petition under 28 U.S.C. §§ 2241 and 2255 and moved to proceed in forma pauperis. CV-4215, Docs. 1, 2 (D.S.D.). He disputed his continued custody after serving his 27 months sentence. Id. at Docs. 1, 5. He claimed his Eighth Amendment right was being violated by a civil commitment. Id. at Doc. 1. He referred to incidents on March 9, 2018, and June 12, 2018, where he was cut by correctional staff with a pocket knife. Id. He claimed continued confinement has caused him to hear voices in his head. Id. He requested punitive damages. Id.

---

[8] Wolf Guts named as defendants: Kruegger, Warden at FMC Springfield MO; Dr. Tyner, Doctor at FMC Springfield; Dr. Hampton, Doctor at FMC Springfield; Dr. Ligata, Doctor at USP Tucson AZ; and Kirk Albertson, Assistant United States Attorney.

On December 23, 2021, in Wolf Guts v. Kruegger et al,[9] 21- CV-3028, Wolf Guts moved to proceed in forma pauperis to file a § 2254[10] habeas petition claiming he was illegally being held on a civil commitment under 18 U.S.C. § 4246 after a doctor fraudulently claimed he was a danger to the public. CV-3028, Docs. 1, 2 (D.S.D.). He claimed the real reason for his detention was because he wanted to testify about Mexican cartels distributing drugs in federal prison facilities. Id. at Doc. 1. He mentioned a June 12, 2018 incident where a correctional officer he referred to as Mr. Shied assaulted him. Id. at Doc. 1, 5. He argued this constituted excessive use of force. Id. at Doc. 5. He requested $350,000,000 in damages. Id. at Doc. 1.

On January 6, 2022, in USP Tucson AZ et al,[11] 22-CV-5009, Wolf Guts moved to proceed in forma pauperis with a 28 U.S.C. § 1331 Bivens complaint claiming corrections staff assaulted him at the Tucson, Arizona, federal prison facility. CV-5009, Docs. 1, 2 (D.S.D.).

In a consolidated order, the Court denied Wolf Guts's § 2255 petition in 21-CV-3026 and dismissed Wolf Guts's civil cases in 21-CV-4213, 21-CV-4214, 21-CV-4215, 21-CV-3028, and 22-CV-5009 without prejudice for an absence of jurisdiction over the claims in the District of South Dakota. CV-4213-RAL, Doc. 11 at 10. The Court also dismissed Wolf Guts's petitions in 21-CV-4213 and 21-CV-3028 for failure to pay the filing fee. Id.

---

[9] Wolf Guts named as respondents: J. Kruegger and the Attorney General of the State of Springfield Missouri.

[10] Wolf Guts was not a state inmate, so § 2254 did not apply. As a federal inmate, § 2255 is the route for Wolf Guts to seek post-conviction habeas relief. 28 U.S.C. § 2255.

[11] Wolf Guts named as defendants: USP Tucson AZ; US Attorney General; FBOP US DOJ US Attorneys at USP Tucson Arizona; AUSA Kirk Albertson of Pierre District; FBOP Psych Doctor; MPM County Case Manager at USP Tucson AZ; US Attorney Springfield FMC at FBOP USDOJ; and Criminal Investigators, Special Agents at Rosebud South Dakota.

Wolf Guts's two pending cases, as several of his previous cases did, names Shied as a defendant and concerns what happened while Wolf Guts was incarcerated federally in Tucson, Arizona. Wolf Guts's two new pro se cases are subject to § 1915A screening.

## III.    1915A Screening[12]

### A.    Legal Standard

The Court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]"

---

[12] Because Wolf Guts is classified as a prisoner under the PLRA, the Court conducts this screening pursuant to § 1915A. See Bear, 2023 WL 9051243, at *1–4. But even if Wolf Guts's complaint was not subject to a § 1915A screening, the Court's analysis would be the same under 28 U.S.C. § 1915(e). See Domino v. Garland, No. 20-CV-2583, 2021 WL 1221188, at *1 n.2 (D. Minn. Apr. 1, 2021).

Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This Court now screens Wolf Guts's complaints under 28 U.S.C. § 1915A.

### B.   Factual Background and Legal Analysis

When this Court dismissed Wolf Guts's previous cases, he was housed at the Springfield Medical Center Federal Prison Facility in Springfield, Missouri. CV-4213, Doc. 11 at 7. Wolf Guts now appears to be at Dismas Charities residential reentry center in Sioux Falls. See CV-4222, Doc. 1 at 1, 8; CV-4224, Doc. 1 at 1, 8, Doc. 6 at 1.

Wolf Guts's handwriting in his original complaints is difficult to decipher, but both pending cases plainly relate to his treatment at United States Penitentiary in Tucson, Arizona (USP Tucson) and thus are Bivens claims. CV-4222, Doc. 1; CV-4224, Doc. 1. Because Wolf Guts's handwriting is almost entirely illegible, this Court directed Wolf Guts to provide a new copy of his complaint that was either typewritten or written legibly. CV-4222, Doc. 3 at 2; CV-4224, Doc. 3 at 2. Wolf Guts filed partially typed supplements in his cases making clear that he is claiming physical injuries and mistreatment at USP Tucson. See CV-4222, Doc. 6; CV-4224, Docs. 6, 7, 8, 9.

Wolf Guts alleges that he "was abused and mistreated" by the correctional staff at the USP Tucson. CV-4222, Doc. 6 at 1; CV-4224, Doc. 9 at 1 (capitalization in original omitted). Wolf Guts claims he "was assaulted twice by correctional staff employees" while he was incarcerated

10

at USP Tucson.[13]  CV-4224, Doc. 8 at 1.  The first incident occurred on March 9, 2018, when a correctional case manager "head butted" Wolf Guts and fractured his nose.  CV-4222, Doc. 6 at 1; CV-4224, Doc. 9 at 1 (capitalization in original omitted).  Wolf Guts alleges that this "could be considered aggravated assault with bodily injury[.]"  CV-4224, Doc. 8 at 1.  In the second incident, which occurred on June 12, 2018,  a USP Lieutenant "lacerated [Wolf Guts] on [his] stomach . . . using a pocket knife[.]"  CV-4222, Doc. 6 at 1; CV-4224, Doc. 9 at 1 (capitalization in original omitted).  Wolf Guts contends that this "could be considered attempted murder and aggravated assault with a dangerous weapon[.]"  CV-4224, Doc. 8 at 1.  Additionally, Wolf Guts alleges that the Federal Bureau of Prisons (FBOP) "tried to keep the two [assault] incidents under wraps" and that doctors at the FBOP medical center "tried to aid and abet the two incidents which should be considered obstruction of justice[.]"  CV-4222, Doc. 6 at 1; CV-4224, Doc. 9 at 1 (capitalization in original omitted).  As relief, Wolf Guts requests $200,000,000 "for injuries and damages" and well as punitive damages. CV-4222, Doc. 6; CV-4224, Doc. 8.

The claims in Wolf Guts's pending cases are properly venued in the District of Arizona, and Wolf Guts has filed cases there making these same claims.  In Wolf Guts v. County, the court conducted a Bivens analysis and dismissed Wolf Guts's claims that he was head butted and lacerated by staff at USP Tucson for failure to state a claim upon which relief can be granted.  4:19-CV-00442-DCB-PSOT, Doc. 13 (D. Ariz. Mar. 10, 2020).  See also Wolf Guts v. County, 4:19-CV-00462-DCB-PSOT, Doc. 7 (D. Ariz. Nov. 6, 2019) (dismissing Wolf Guts's complaint as duplicative of 4:19-CV-00442-DCB-PSOT); Wolf Guts v. County, 4:19-CV-00443-DCB-PSOT, Doc. 12 (D. Ariz. Apr. 23, 2020) (same).

---

[13] Wolf Guts's pending complaints contain the same set of operative facts and substantially similar allegations as in complaints previously dismissed by this Court. See 21-CV-4213, Doc. 1; 22-CV-5009, Docs. 1, 2.

"Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought." Greene v. Weingart Care First Vill., No. 4:25-CV-366 SRW, 2025 WL 962625, at *2 (E.D. Mo. Mar. 31, 2025). Rather than transfer Wolf Guts's cases, this Court dismisses Wolf Guts's complaints because similar complaints were previously dismissed for failure to state a claim by the United States District Court for the District of Arizona. See Wolf Guts v. County, No. 4:19-CV-00442-DCB-PSOT, Doc. 13 (D. Ariz. Mar. 10, 2020). Transferring the cases to the District of Arizona does not promote the interests of justice under these circumstances.

## IV.    Request for Early Release

Wolf Guts also requests early release from the halfway house and that he be "taken off of the civil commitment." CV-4224, Doc. 6 at 1; Doc. 7 at 1. To the extent that Wolf Guts is requesting that his sentence be cut short, this form of relief is not cognizable in a § 1983 or Bivens action. See Skinner v. Switzer, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." (citation omitted)).

## V.    Conclusion

Accordingly, it is

ORDERED that Wolf Guts's motions for leave to proceed in forma pauperis, CV-4222, Doc. 4; CV-4224, Doc. 4, are granted. Wolf Guts's second motion for leave to proceed in forma pauperis, CV-4222, Doc. 8, is denied as moot. It is further

ORDERED that the institution having custody of Wolf Guts is directed that whenever the amount in Wolf Guts's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month

12

to Wolf Guts's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee, in each case, is paid. It is finally

ORDERED that Wolf Guts's complaints, CV-4222, Doc. 1 and CV-4224, Doc. 1, along with the supplements he filed, CV-4222, Doc. 6; CV-4224, Docs. 6, 7, 8, 9, are dismissed without prejudice for lack of proper venue.

DATED June 23, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

13